RAFEY S. BALABANIAN (SBN 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9300
Facsimile: (415) 373-9435

*Attorneys for Plaintiff Jonathan Carmel*

JOHN F. COVE, JR. (SBN 212213)
john.cove@shearman.com
EMILY V. GRIFFEN (SBN 209162)
emily.griffen@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 616-1100
Facsimile: (415) 616-1199

*Attorneys for Defendant Mizuho Bank, Ltd.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN CARMEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIZUHO BANK, LTD. and MARK KARPELES,<br><br>Defendants. | Case No. 18-CV-02483-JAK<br><br>**RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Rule 16(b)/26(f) Scheduling Conference (dkt. 22), Plaintiff Jonathan Carmel ("Carmel" or "Plaintiff") and Defendant Mizuho Bank, Ltd. ("Mizuho," and, together with Carmel, the "Parties") submit this proposed discovery plan and report.[1]

### A.   Statement of the Case.

*Plaintiff's claims*: This case arises from the collapse of Mt. Gox, once the world's largest bitcoin exchange (also referred to as a platform). Mt. Gox shuttered without warning in February 2014, taking with it millions (if not hundreds of millions) of dollars' worth of users' bitcoin and cash, including the $52,493.22 Plaintiff Jonathan Carmel held on, and unsuccessfully attempted to withdraw from, the exchange. For this action, Plaintiff seeks to hold Defendant Mark Karpeles (former head of the exchange) and Mizuho accountable.

Plaintiff asserts claims of negligence and fraud against Karpeles, alleging that he breached his duty of care owed to investors on the Mt. Gox exchange, which resulted in losses, and that he made false promises of safety and security, which were designed to (fraudulently) encourage individuals to deposit money and/or bitcoin. Plaintiff asserts a claim of tortious interference against Mizuho Bank, on the theory that its unilateral termination of its provision of outbound wire transfers to Mt. Gox's U.S. customers knowingly disrupted the contracts between such customers and the exchange.

*Mizuho's defenses and cross-claims against Karpeles*: As the Court is aware from Mizuho's pending motion to dismiss, Mizuho contends that it is not subject to personal jurisdiction in California, and that Carmel has failed to plead the essential elements of his tortious interference claim, including that Mizuho (1) knew that he

---

[1]   Mizuho submits this report subject to, and without waiving, its defense that it is not subject to personal jurisdiction in the United States.

1

RULE 26(f) REPORT                                      CASE NO. 2:18-CV-02483-JAK-E

had a contract with Mt. Gox or that he was even a Mt. Gox user; (2) intentionally induced a breach of that contract; or (3) caused any loss that Carmel suffered. Mizuho has also asked the Court to dismiss or strike Carmel's class allegations against it because the purported class claims are time barred in light of *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018). Based on evidence already adduced in a related case, and findings made by the court in that case, if the case proceeds beyond the pleading stage, Mizuho will show that, contrary to Carmel's allegations, Mizuho was not Mt. Gox's exclusive sender and receiver of wire transfers, "as Mt. Gox relied at different points in time on other financial institutions and payment processors, including Japan Post Bank, Dwolla, and OK Pay, to facilitate fiat currency deposits and withdrawals," and Mt. Gox did, in fact, send money to its U.S. customers using other banks from June 2013 to February 2014. *Greene v. Mizuho Bank, Ltd.*, 2018 WL 2735112, at *2 (N.D. Ill. June 7, 2018). Mizuho will also show that its alleged conduct was justified.

In the event that the Court denies Mizuho's motion to dismiss for lack of personal jurisdiction and Mizuho is compelled to litigate these claims in the United States, Mizuho also expects to assert cross-claims against Karpeles, including claims for general tort under Japanese law and for contribution in the event that Mizuho is held liable to Carmel.

***Status of Defendant Mark Karpeles***: As the Court is aware, Karpeles has not been served with the complaint and summons in this matter. On September 2, 2018, Plaintiff was notified from the Japanese Ministry of Foreign Affairs that all service documents sent pursuant to the Hague Convention had been transmitted to the Japanese Supreme Court for service on Karpeles. It is Plaintiff's understanding that completing service through this process takes several weeks and there is nothing that can be done in terms of accelerating the service timeline or receiving granular updates on the status of service. Plaintiff will update the Court with the status of

2

service once he receives a substantive notification from the Japanese officials responsible for serving Karpeles. Separately, Karpeles recently appeared through counsel in *Greene v. MtGox, Inc., et al.*, No. 14-cv-1437 (N.D. Ill.), a related case concerning the same issues. Counsel for Karpeles, however, refused to accept or waive service on Karpeles's behalf. Under these circumstances, should service via the Hague Convention prove unsuccessful, Plaintiff anticipates moving the Court to approve alternative service on Karpeles, as the plaintiffs did (successfully) in the *Greene v. MtGox* litigation, which is still proceeding in the Northern District of Illinois against Karpeles.

### B. Subject Matter Jurisdiction.

*Plaintiff's position*: This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) because (i) at least one member of the Classes is a citizen of a different state than Defendants, neither of whom are American citizens, (ii) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

*Mizuho's position*: Mizuho does not contest the Court's subject matter jurisdiction at this time.

### C. Legal Issues.

*Whether a temporary stay is appropriate*: This case is in a unique posture. Shortly after its collapse in early 2014, Mt. Gox entered bankruptcy proceedings in Japan, which were recognized by the U.S. Bankruptcy Court for the Northern District of Texas on June 19, 2014. On June 22, 2018, the Tokyo District Court converted the Japanese bankruptcy to a new civil rehabilitation proceeding. The effect of this new Japanese proceeding is potentially significant to claims asserted in this case, particularly because the appointed rehabilitation trustee announced that the Mt. Gox estate may have sufficient assets to pay in full the claims of Mt. Gox users

3

RULE 26(f) REPORT  CASE NO. 2:18-CV-02483-JAK-E

Case 2:18-cv-02483-JAK-E Document 40 Filed 10/12/18 Page 5 of 14 Page ID #:293

who lost money or bitcoin when Mt. Gox collapsed, including Carmel and potential members of the putative class, an outcome that did not appear likely before the bankruptcy was converted. The rehabilitation claims period closes on October 22, 2018. According to documents published by the rehabilitation trustee, those claims will be approved (or not) by January 24, 2019, followed by the submission of a proposed rehabilitation plan (providing for any modifications to rights of civil rehabilitation creditors and a payment plan) on February 14, 2019.

      Counsel for both Parties previously participated in *Greene v. MtGox* litigation (a related case concerning nearly the same issues presented in this case). Following the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Supreme Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), the *Greene* court dismissed the claims of the non-Illinois plaintiffs on December 11, 2017, which led to the filing of other cases pertaining to the Mt. Gox exchange in different district courts, including this one. While Carmel was not a named plaintiff in the *Greene* matter, the Parties have agreed that the document discovery and depositions adduced in *Greene* can and should be used in this case as if they were taken in this matter as well, which will result in substantial efficiencies in terms of the ultimate disposition of this case. As discussed more fully in Section I below, the possible discovery remaining is limited, and much of that – discovery from Karpeles and potentially discovery related to the results of the Japanese proceeding – cannot be taken now in any event.

      Given the unique posture of this case and to conserve the Court's limited resources, the Parties recommend that, if Mizuho's pending motion to dismiss is denied in whole or in part, the case against Mizuho be stayed until February 28, 2019. At that time, the Parties expect to have an indication of whether Plaintiff and other putative class members are likely to receive full or partial recoveries through the Japanese civil rehabilitation proceeding (an outcome that may affect the scope of

RULE 26(f) REPORT        CASE NO. 2:18-CV-02483-JAK-E

the class that Plaintiff will seek to certify in this case) and, thus, will be better positioned to make an informed recommendation to the Court about appropriate next steps in the case. This brief stay should not materially affect the expeditious resolution of this matter because, as discussed herein, a significant part of discovery is already complete based on the discovery in *Greene*. In addition, the recommended stay will provide Plaintiff with additional time to complete service on Karpeles and will potentially give the Parties a better indication of whether Karpeles will participate in these proceedings. If Karpeles appears in this case, the Parties anticipate a need for discovery from Karpeles, which will impact the case schedule.

*Substantive legal issues*: In terms of the case against Mizuho, the key legal issues in this case will involve those set forth in Section A above. As to Plaintiff's claim against Mizuho, key issues include, among others, (1) whether this Court has personal jurisdiction over Mizuho, (2) whether Mizuho's alleged conduct tortiously interfered with Plaintiff's, and others' contracts with the Mt. Gox exchange, (3) whether Mizuho's conduct was justified, (4) whether Carmel suffered any losses recoverable in this action, (5) whether Plaintiff's class claims are barred by the statute of limitations, and (6) whether a class can be certified under Federal Rule of Civil Procedure 23(b)(3) with respect to the claim against Mizuho.

**D.    Party and Non-Party Witnesses.**

In addition to the Parties (Carmel, Karpeles, a corporate representative of Mizuho, which is a wholly owned subsidiary of Mizuho Financial Group, Inc.), the following individuals were identified in *Greene* as potential witnesses and are potential witnesses in this case as well: Yasuo Imaizumi, Hirotaka Shimizu, Hiroaki Aikawa, Shuuichiro Mita, Jason Shore, Gonzague Gay-Bouchery, and various employees of Mt. Gox (most of whom Plaintiff anticipates identifying through Karpeles). The Parties also identified expert witnesses in the *Greene* litigation, and those experts are expected to provide reports and expert testimony in this case as

5

well: Mark T. Williams, M. Todd Henderson, Andrew J. Rasmussen, Hirotada Inoshita, and Bruce Strombom.

### E. Damages.

Based on the information currently available to the Parties, Plaintiff contends that his provable damages are at least $52,493.22. The range of provable damages for the putative class, if any, will depend significantly on the outcome of the Japanese civil rehabilitation proceedings, through which some or all potential members of the putative class (including Carmel) stand to be made whole. If the requested stay is implemented, the Parties will have a better sense of the overall scope of damages following the acceptance (or rejection) of Plaintiff's (and others') claims in the civil rehabilitation proceedings.

### F. Insurance.

The Parties are not aware of any applicable insurance policies that would apply to this action.

### G. Motions.

As noted, Mizuho's motion to dismiss is fully briefed and scheduled for argument on October 22, 2018. The Parties do not currently anticipate the need to file any motions to add parties, claims, amend pleadings, or transfer venue.

### H. Manual for Complex Litigation.

The Parties agree that some of the procedures in the Manual for Complex Litigation should be utilized. This case is a putative class action involving two defendants, one of whom has not yet appeared. The stay proposed above is consistent with the Manual for Complex Litigation's recommendation that class proceedings be coordinated with related matters (here, the Japanese civil rehabilitation proceeding in Japan). *See Relationship with Other Cases*, Manual Complex Litigation § 21.42 (4th ed. 2018). If the case against Mizuho proceeds as a certified class action, the Parties anticipate that additional procedures aimed at

6

evaluating and auditing damages claimed by members of any certified class (particularly in light of the civil rehabilitation proceedings relating to the Mt. Gox bitcoin exchange discussed above) may be necessary. *See Trials*, Manual Complex Litigation § 21.5 (4th ed. 2018). If this case proceeds through and past the class certification stage, the Parties recommend proposing any additional procedures following the Court's ruling on certification, so as to tailor any recommendations to the nature and scope of any certified class.

I. **Status of Discovery.**

As noted above, counsel for Plaintiff and Mizuho already litigated this case through discovery in *Greene* and agree that the documents produced and depositions taken in that matter should be used in this case as well. Accordingly, the Parties agree that a significant part of fact discovery in this case is complete and there is no need for the phasing or limitation of discovery.

Carmel notes that Karpeles may have information relevant to the claims against Mizuho, including information concerning, but not limited to: (i) the number of unfulfilled fiat currency withdrawal requests made by Mt. Gox customers between June 2013 and February 2014; and (ii) communications and documents concerning Mt. Gox's relationship with Mizuho. Mizuho contends that none of this information is relevant to the claims against it.

Mizuho notes that because Carmel was not a named plaintiff in the *Greene*, case, discovery from Carmel will have to be obtained in this case. Mizuho further notes that Karpeles is likely to have information showing that the claims asserted against Mizuho by Carmel are meritless and supporting Mizuho's anticipated cross-claims against Karpeles, including, but not limited to, information concerning (i) Mt. Gox's ability to fulfill its users' withdrawal requests through other banks and payment processors; (ii) Mt. Gox's communications with its users, including

7

communications concerning withdrawal delays and difficulties; and (iii) the reasons Mt. Gox did not fulfill certain users' withdrawal requests.

**J.  Discovery Plan.**

*Depositions.* The Parties already conducted a number of depositions in *Greene*. At this time, the Parties anticipate that the depositions remaining in the case will be those of Plaintiff, Karpeles, and witnesses potentially identified by Karpeles. Plaintiff may also seek the deposition of Gonzague Gay-Bouchery. The Parties anticipate that Plaintiff's deposition can be completed within four months following the proposed stay to the case discussed above (*i.e.*, to allow sufficient time for scheduling). The timing of any depositions of Karpeles and related witnesses is more difficult to predict, as the Parties do not yet know when, or whether, Karpeles will appear in the case.

*Written discovery.* As stated above, the Parties agree that a significant part of fact discovery in this case is complete, although both Parties anticipate serving discovery requests on Karpeles (including interrogatories, requests for documents, and requests for admission), and Mizuho anticipates propounding discovery requests (including interrogatories, requests for documents, and requests for admission) on Carmel. The Parties anticipate completing all discovery within four months after the proposed stay is lifted.

*Changes in Rule 26(a) Disclosures.* The Parties agree that initial disclosures shall be exchanged two weeks after the proposed stay of the case against Mizuho is lifted. The Parties do not believe any changes to the disclosures under the Federal Rules are necessary.

*Subjects of discovery.* Given the discovery already conducted in *Greene*, the Parties anticipate focusing discovery on: (i) Plaintiff's specific claim and allegations concerning his alleged Mt. Gox transactions, withdrawal requests, interaction or lack thereof with Mizuho, alleged withdrawal requests and other interactions with

8

Mt. Gox, (ii) Defendant Karpeles's involvement in the Mt. Gox exchange, including, among other details, the degree of control he exercised over the exchange (including his involvement in communicating with investors through public or private communications), his knowledge of and relationship with U.S. investors (including Carmel), and his relationship with Defendant Mizuho, and (iii) information from Karpeles concerning Mt. Gox's ability to fulfill its users' withdrawal requests through other banks and payment processors, Mt. Gox's communications with its users, including communications concerning withdrawal delays and difficulties, and the reasons Mt. Gox did not fulfill certain users' withdrawal requests.

*Phasing and limitations to discovery*. The Parties agree that discovery does not need to be conducted in phases or limited in some manner, other than as otherwise set out herein.

*Other Orders*. The Parties will submit a proposed protective order for the Court's consideration to govern the discovery already adduced in the *Greene* litigation and any additional discovery to be conducted in this case.

*Proposed Case Schedule*. The Parties recommend that the Court include the following dates in any scheduling order entered pursuant to Rule 16(b)(1):

| Event | Date |
| --- | --- |
| Deadline to file status report regarding the Japanese proceedings and the stay of case against Defendant Mizuho | February 28, 2019 |
| Deadline to exchange Rule 26(a)(1) disclosures | 2 weeks after stay of case against Mizuho is lifted |
| Deadline to complete fact discovery | 12 weeks after stay of case against Mizuho is lifted |
| Deadline to exchange Rule 26(a)(2) disclosures | 16 weeks after stay of case against Mizuho is lifted |

| Deadline to complete expert discovery | 22 weeks after stay of case against Mizuho is lifted |
|---|---|
| Deadline for Plaintiff to move for class certification | 18 weeks after stay of case against Mizuho is lifted |
| Deadline for dispositive motions | 8 weeks following the Court's ruling on Plaintiff's motion for class certification |

**K.    Discovery Cut-Off.**

See proposed case schedule in Section J above.

**L.    Expert Discovery.**

See proposed case schedule in Section J above.

**M.    Dispositive Motions.**

If the claim against Mizuho proceeds beyond the pleading stage, Mizuho believes that the claim can be resolved in its favor on a motion for summary judgment.

**N.    Settlement.**

The Parties have not engaged in any substantive settlement discussions or communications. Pursuant to Local Rule 16-15.4, the Parties agree that ADR Procedure No. 3 is best suited to the circumstances of this case, and recommend that any such procedure occur following the Court's ruling on class certification.

**O.    Trial Estimate.**

The Parties estimate that trial will last approximately 5 days, but the time needed for trial may change depending on whether and to what extent Karpeles appears in the case. With that caveat in mind, Plaintiff states that he anticipates calling approximately 6 witnesses. Mizuho anticipates calling approximately 6 witnesses.

**P.    Trial Counsel.**

Plaintiff's trial counsel is Rafey S. Balabanian, who will serve as lead trial

10

counsel for the case. Mizuho's trial counsel is John F. Cove, Jr., who will serve as lead trial counsel for the case.

**Q.   Independent Expert or Master.**

The Parties do not believe this case requires the appointment of a Master pursuant to Rule 53 or an independent scientific expert.

**R.   Timetable.**

The Parties respectfully submit that, in light of Mizuho's pending motion to dismiss and the Parties' request for a stay of the case against Mizuho if the Court denies Mizuho's pending motion, they are unable to complete the Schedule of Pretrial and Trial Dates form with actual calendar dates at this time. The Parties additionally note that, in light of the uncertainty concerning Karpeles's intent to appear in the case, which may become clearer in several weeks, allowing the Parties additional time to submit the completed form may enable them to better assess the need for any adjustments to the proposed case schedule in the event that Karpeles appears in the case. If the Court denies the pending motion to dismiss and declines to stay the case against Mizuho, the Parties propose to submit the completed form within 7 days after entry of the Court's order denying the requested stay or denying the motion to dismiss, whichever is later. If the Court stays the case against Mizuho, the Parties propose to submit the completed form within 7 days after the stay is lifted.

**S.   Other Issues.**

As noted above, the Mt. Gox civil rehabilitation proceedings stand to have a significant impact on all aspects of this case, including Plaintiff's individual and purported class claims. For that reason, the Parties recommend that, if Mizuho's motion to dismiss is denied, the case against Mizuho should be stayed for a short period, so that they may make an informed recommendation to the Court about appropriate next steps in the case. Further, and as also noted above, Plaintiff's

11

efforts to serve Karpeles continue. Once Karpeles joins the case—as seems likely, given his recent appearance in the *Greene* litigation—the Parties will be better positioned to make recommendations about, *inter alia*, appropriate case deadlines, witnesses, and the possibility of settlement.

**T.  Patent Cases.**

This is not a patent case.

**U.  Whether the Parties Wish to Have a Magistrate Judge Preside.**

The Parties do not consent to have a Magistrate Judge preside over this case.

Respectfully submitted,

DATED: October 12, 2018      EDELSON P.C.

By:   /s/ J. Aaron Lawson
           J. Aaron Lawson

*Attorneys for Plaintiff Jonathan Carmel*

DATED: October 12, 2018      SHEARMAN & STERLING LLP

By:   /s/ John F. Cove, Jr.
           John F. Cove, Jr.

*Attorneys for Defendant Mizuho Bank, Ltd.*

**ATTESTATION OF E-FILED SIGNATURE**

I, J. Aaron Lawson, am the ECF User whose ID and password are being used to file the foregoing Rule 26(f) Report. In compliance with L.R. 5-4.3.4, I hereby attest that the other signatories on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

DATED: October 12, 2018                             By:    /s/ J. Aaron Lawson