1   PETER C. BRONSTEIN, ESQ., Cal. State Bar No. 153611
    **LAW OFFICES OF PETER C. BRONSTEIN**
2   1999 Avenue of the Stars 11th Floor
    Los Angeles, California 90067
3   Telephone: (310) 203-2249
    Email Peterbronz@yahoo.com
4
5   Attorney for Defendant Mark Karpeles

6
7                    **UNITED STATES DISTRICT COURT**

8          **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DISTRICT**

9                                          Case No. 2:18-CV-02483

10  JONATHAN CARMEL, individually and      )    NOTICE OF MOTION TO DISMISS
11  On behalf of all others similarly situated,  )    MEMORANDUM OF POINTS AND
                                           )    AUTHORITIES, DECLARATION OF
12                                         )    MARK KARPELES and PETER
13          Plaintiff                      )    BRONSTEIN
                                           )
14      v.                                 )    Date: September 16, 2019
                                           )    Time 8:30am
15  MIZUHO BANK, LTD., a Japanese          )    Courtroom 10B
16  Financial institution, and MARK        )    Honorable John A. Kronstadt
    KARPELES, an individual                )    350 W. First Street
17                                         )    Los Angeles, CA  90012
          Defendant                        )
18  _____)

19

20  TO THE PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:
21
22          Please take notice that on September 16, 2019 at 8:30 am or as soon thereafter as counsel

23  may be heard in Courtroom 10B of the above captioned Court, located at 350 W. First Street, Los

24  Angeles, CA 90012 Mark Karpeles will move the Court pursuant to 12(b) 6 for a motion to dismiss

25  the Complaint in Courtroom 10B.

26          This motion is based upon the Memorandum of Points and Authorities Declarations of Mark
27
28  Karpeles, and Peter Bronstein, oral argument, and other records and files herein

    _____
        NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
            DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

1   This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on

2   April 7,2019.

3

4   DATED:        April 21, 2019

5                                                   By: _____

6                                                        Peter C. Bronstein Attorney for
                                                         Plaintiff Mark Karpeles
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

Defendant Mark Karpeles, by and through his undersigned counsel, hereby submits his memorandum in support of his Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12 (b) (6).

## BACKGROUND

Mt. Gox Bitcoin Exchange ("Mt. Gox") was a bitcoin exchange located in Tokyo, Japan that was formed in 2011 in Tokyo and has been an active corporation solely in Japan, as described in the Declaration of Mark Karpeles, attached hereto and hereby incorporated by reference as Exhibit A . (MK-DEC. ¶¶ 1 and 2)  Users of Mt. Gox could transfer bitcoins directly into their accounts or deposit cash into their accounts by wiring money to Mizuho Bank. (Compl. ¶ 16.)  Those requests were sent to Mizuho Bank in Japan for processing.  (*Id.*)  In or around mid-2013, Mizuho Bank stopped processing international wire withdrawals for Mt. Gox.  (Compl. ¶ 31.)  On February 7, 2014, customers were no longer able to withdraw any form of currency from the Mt. Gox website. (Compl. ¶ 39.)  On February 24, 2014, the Mt. Gox website went offline.  (Compl. ¶ 41.)  On February 28, 2014, Mt. Gox filed for bankruptcy protection in Japan.  (*Id.*)

Mr. Karpeles has never stepped foot in California nor the United States (MK-DEC. ¶¶ 7). Mt. Gox had over 100 employees in 2013 and early 2014 (MK-DEC. ¶¶ 5). Mr. Karpeles was not engaged in the day to day, accounting, marketing or sales (MK-DEC. ¶¶ 27, 29 and 31). Mt. Gox never directed any advertising or sales to California or the United States. (MK-DEC. ¶¶ 8).   Mt Gox never had an employee, agent or independent contractor in the United States (MK-DEC. ¶¶ 12) Mr. Karpeles never maintained an office in California (MK-DEC. ¶¶ 19).  Neither Mt. Gox nor Mr. Karpeles directed any activity toward any domicile or resident of California. (MK-DEC. ¶¶ 43) In essence Mt. Gox and Mr. Karpeles never purposely availed themselves of California, nor directed any business activities towards California or their residents.

## STATUTE OF LIMITATIONS
## BARS ALL CLAIMS AND THE COMPLAINT
## MUST BE DISMISSED WITHOUT LEAVE TO AMEND

For a motion to dismiss we presume the allegations in the Complaint are true and correct. In reviewing the Complaint and the timeline in the Complaint in terms mot favorable to Plaintiff, Plaintiff joined Mt. Gox in or around March 27, 2013 (Compl. ¶ 43).In June 2013 (Compl. ¶ 25) Mizuho Bank stopped processing international wire withdrawals for Mt. Gox. On February 7, 2014 Defendant Karpeles halted withdrawing based upon a technical difficulty (Compl. ¶ 34). On February 24, 2014 Mt. Gox website went dark Compl. ¶ 36 and Mt. Gox filed bankruptcy February 28, 2014 (Compl. ¶ 37).

***On March 27, 2018-more than 4 years after Mt. Gox website went dark Plaintiff filed this action.*** The first cause of action against Defendant Mark Karpeles is negligence. This cause of action has a statute of limitations of two (2) years under California law (CCP sec.335 (personal injury), 338(b) and (c) (property). It is clear from the four corners of the Complaint that the Mt. Gox website went dark-meaning no one could gain access to the website on February 24, 2014 and that this information was disseminated to the public. Thus the first cause of action must be dismissed with prejudice without leave to amend as Plaintiff waited more than the two (2) year statute of limitation against Mark Karpeles. The second cause of action against Defendant Mark Karpeles is fraud. This cause of action has a statute of limitations of three (3) years under California law (CCP 338 (d). While there is a delayed discovery rule for a fraud cause of action it's the Plaintiffs burden of proof. As there is nothing in the Complaint and because the public was aware in February 2014 there is no basis for the second cause of action for fraud against Defendant Mark Karpeles. Thus the second cause of action must be dismissed with prejudice without leave to amend as Plaintiff waited more than the three (3) year statute of limitation against Mark Karpeles. Both of these causes of action against Mark Karpeles must fail as they are outside the applicable statutes of limitation. The

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

Complaint itself only mentions Class Action and no causes of action. The Complaint does not specify any statute or articulate a basis for the Class Action claim against Defendants specifically Mark Karpeles. California law on class actions for securities claims is two (2) years and three (3) years pursuant to Federal statutes. The Federal Statute (28 U.S.C. 1658) says fraud claims must be brought within 4 years. (1658(A) or the **earliest** of two (2) years after discovery or five (5) years. If it's discovered immediately like in our case then there is no five (5) year period to wait and it expired before the action was filed.

On June 26, 2017, the U.S. Supreme Court decided in *California Public Employees' Retirement System* v. *ANZ Securities, Inc.*, 137 S.Ct. 2042, that the class action tolling doctrine established in *American Pipe & Construction Co.* v. *Utah*, 414 U.S. 538 (1974), does not extend to the three-year statute of repose under Section 13 of the Securities Act of 1933 (the "Securities Act"). The Court refused to toll any statute of repose concerning Federal Securities laws. In our case they cannot toll and the time limit is exceeded.

Later, on June 11, 2018, the Supreme Court resolved a circuit split regarding whether the filing of a class action lawsuit tolls the statute of limitations for putative class members to file their own class actions. In *China Agritech, Inc. v. Resh*, 138 S.Ct. 1800 (2018), 584 U.S. ___, 2018 WL 2767565 (June 11, 2018), the Court held that so-called *American Pipe* tolling—which allows a putative class member to file an individual claim upon denial of class certification, even if the statute of limitations would have by that time otherwise run out—does not permit the maintenance of a follow-on class action past the expiration of the statute of limitations. Again reaffirming the requirement that this Court must follow and dismiss with the case filed more than four years after the events were publicly disseminated.

### **VENUE**

A civil action may be brought in (1) a judicial district in which any defendant resides if all

defendants reside in the same State, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Corporations and other unincorporated entities are "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Corporations subject to personal jurisdiction in states with multiple districts are "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state." 28 U.S.C. §1391(d).Plaintiff alleges venue as a citizen of the State of California (Compl. ¶ 3). Venue is the proper judicial district. California has four (4) District Courts. Without specificity and taking the Complaint most favorable to Plaintiff there is a requirement that Plaintiff is a resident of the Central District of California. As such Plaintiff lacks venue to proceed at this time.

**THIS COURT LACKS PERSONAL
JURISDICTION OVER DEFENDANT
MARK KARPELES**

Under Rule 12(b)(2), a court may dismiss a case for lack of jurisdiction over the person. The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper. Jurisdiction must comport with: (1) the state long-arm statute, and (2) the constitutional requirement of due process. Mattel, Inc., v. Greiner & Hausser GMBH, 354 F.3d 857, 863 (9th Cir. 2003) (quoting Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10. Because California law allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. See Mattel, 354

F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). In the absence of general jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. Id. The Ninth Circuit has established a three part test to determine whether there is specific jurisdiction over a defendant: `Specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Mattel, 354 F.3d at 863(quoting Bancroft & Masters v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000)).

Mark Karpeles is a citizen of France (Compl. ¶ 4) and a resident of Japan. Mr. Karpeles has never stepped foot in California. He was an officer and director of Mt Gox KK. That is insufficient grounds to have personal jurisdiction over Defendant Mark Karpeles. It was unreasonable to exercise personal jurisdiction over a Japanese corporate officer of a Japanese corporation in a securities fraud class action [City of Monroe Employees Retirement System v Bridegestone Corp (6th Cir. 2005) 399F 3d 651,666]. It was similarly unreasonable when Defendant Kapreles had no contacts with California.

1    The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its

2    nonresident officers, directors, agents and employees are locally suable as well (Calder v. Jones

3    (1984) 465 US 783, 104 S. Ct. 1482,Kinslow v Pullara (7th Cir 2008) 538 F3d 687,693. In this case

4    the corporation is not a named party and they are coming after Mark Karpeles as an officer.

5        In order to disregard the corporate entity for jurisdictional purposes, plaintiffs must make a

6    prima facia case under appropriate substantive law to establish alter ego liability American Tel. &

7    Tel. Co. v Compagnie Bruxelles Lambert (9th Cir. 1996) 94 F3d 586,591. To support personal

8    jurisdiction over the individuals who are sought to be liable as alter egos of the corporation, it must

9    be shown that they *personally directed* the activities toward the forum state that gave rise to the

10   complaint (Indiana Plumbing Supply Inc. v Standard of Lynn, Inc. (CD CA 1995) 880 F Supp

11   743,750. The Declaration of Mr. Karpeles is completely divergent on this issue.

12       Where the Court exercises only limited personal jurisdiction limited to claims arising out of

13   defendant's forum-related activities, due process requires that it consider only defendants contacts

14   with the forum when the action was filed. Thus the filing date of the complaint controls.

15       In Monkton Ins. Services Ltd v Ritter (5th Cir 2014) 768 F3d 429,432  a foreign corporation

16   conducted business with the forum state through a fully interactive website, wire transferred funds

17   to banks in that state and had telephone conversations with a forum resident. Even so, since it was

18   neither incorporated nor had its principal place of business in the forum state it was not subject to

19   general personal jurisdiction there. None of these facts were present for the French citizen living in

20   Japan.

21       Specific jurisdiction focuses on the relationship between the forum, the defendant and the

22   litigation. (Walden v. Fiore (2014) 571 U.S. 277,283,134 S. Ct. at1121). To do so Plaintiff must

23   establish Defendant purposely availed himself to jurisdiction plus arising out of the transaction. In

24   J. McIntyre Machinery Ltd. v. Nicastro (2011) 564 US 873, 131 S.Ct. 2780,2790, the Court ruled

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

selling its product through a US Distributor and having four (4) of its machines end up in New

Jersey-one of which caused the harm-was insufficient for jurisdiction!

Permitting several Kentucky customers to access foreign banks website was not deemed a

substantial connection for jurisdictional grounds over a foreign bank (Community Trust Bancorp,

Inc. v Community Trust Fin'l Corp (6th Cir. 2012) 692 F3d 469,472-473). Even when a Defendant

has purposely engaged in forum related activities jurisdiction may be defeated (Asahi Metal

Industry Co.Ltd. v. Sup. Ct. of California (1987) 480 US 102,115, 107 S.Ct. 1026, 1034. Neither

Mt. Gox nor Mr. Karpeles directed any activities to the United States and they did not expect to be

required to ever defend against a claim in a California Court.

General jurisdiction cannot be based solely on a nonresident's operation of a website

accessible to forum computer users. Mere operation of a website even if interactive "does not by

itself show any persistent course of conduct by defendants in the [forum state]" GTE New Media

Services v. BellSouth Corp. (DC Cir 2000) 1999 F3d 1343, 1349-1350.

**MOTION TO DISMISS COMPLAINT**
**STANDARD-LACKING SUFFICIENT ALLEGATIONS AND FACTS**

A properly pleaded complaint must provide a "short and plain statement of the claim

showing that the pleader is entitled to relief." While Rule 8 does not require detailed factual

allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the

elements of a cause of action." _Ashcroft v. Iqbal,_ 556 U.S. 662, 678 (2009). The complaint must set

forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide

discovery." _McHenry v. Renne,_ 84 F.3d 1172, 1178 (9th Cir. 1995). "Factual allegations must be

enough to rise above the speculative level." _Twombly,_ 550 U.S. at 555. To survive a motion to

dismiss, a complaint must "contain [] enough facts to state a claim to relief that is plausible on its

face." _Iqbal,_ 556 U.S. at 696

District courts must apply a two-step approach when considering motions to dismiss. *Iqbal,* 556 U.S. at 679 First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Brown v. Elec. Arts, Inc.,* 724 F.3d 1235, 1247-48 (9th Cir. 2013). Conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal,* 556 U.S. at 679; *Brown,* 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal,* 556 U.S. at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663 Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. If the claims do not cross the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. We cannot even tell what the class action details to defend.

### THE CAUSES OF ACTION
### ARE FOR ACTIONS CAUSE BY MIZOHU
### NOT PLAINTIFF

***Leave to Amend Would Be Futile***

Although plaintiffs are ordinarily given an opportunity to amend, an amendment in this case would be futile because untimeliness is not a problem that can be solved by changes to the pleadings. There are no additional facts or alternative theories that could be added to the Complaint to make

1  the claims timely. Amendment to expressly assert a fraud claim would also be futile, because such a

2  claim is also time-barred. Accordingly, leave to amend is not appropriate.

3

4  **CONCLUSION**

5  As stated above the Court should dismiss the Complaint against Mark Karpeles in its

6  entirety with prejudice.

7  Dated April 22, 2019                          By_____

8                                               Peter Bronstein for Defendant Mark Karpeles

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

## DECLARATION OF MARK KARPELES

1. I am a Defendant in this case. I have personal knowledge of the following facts and if called to testify I will testify to the facts stated herein.

2. I am the President and CEO of MTGOX KK that was formed on August 9th, 2011.

3. MTGOX KK was formed in Tokyo, Japan and has been a valid and active corporation solely in Japan from formation until it filed for Civil Rehabilitation under Japanese law on February 28th, 2014.

4. All of the formalities of MTGOX KK corporation including meetings, minutes, and tax returns have been timely.

5. MTGOX KK had over 100 employees and contractors in 2013 and 2014.

6. MTGOX KK operated a website named MtGox.com. This domain and website operated from July 2010 through February 2014. The servers and work for the site was completed and existed in Japan as of 2013.

7. I am 33 years old. I have never stepped foot in the United States at any time for any reason.

8. The website MtGox.com has never marketed or advertised in the United States and specifically never marketed or advertised in California.

9. The website MtGox.com handled thousands of transactions per day.

10. I was not personally engaged in the marketing or advertising of MtGox.com

11. MTGOX KK never had an employee in the United States

12. MTGOX KK never had an agent or independent contractor in the United States

13. MTGOX KK has no active partners, joint ventures or distributors in the United States.

14. MTGOX KK has no parent corporations in the United States.

15. MTGOX KK is not a successor corporation.

16. I am a citizen of the nation of France.

17. I am currently a resident of the nation of Japan.

18. I have never resided nor domiciled in the United States, owned property in the United States, or paid taxes in the United States.

19. I have never maintained an office in California nor have any employees in California.

20. I am the sole shareholder of Tibanne KK, which owns eighty-eight (88%) percent of the shares of MTGOX KK.

21. MTGOX KK was never registered to do business in California, did not maintain an office in California, and had no employees in California.

22. MTGOX KK did not engage in any nationwide advertising in the United States of America.

23. There was never a specific decision that MTGOX KK would operate or conduct business in California.

24. MTGOX KK had a total of over 1,000,000 accounts.  MTGOX KK has over 450,000 addresses associated with those accounts.

25. I have never met, spoke, or corresponded with any of the named Plaintiffs in this lawsuit.

26. I did not direct any advertising on behalf of MTGOX KK.

27. I was not responsible for MTGOX KK's day-to-day accounting.

28. I never commingled MTGOX KK funds with my own personal funds or vice versa.

29. I did not direct any marketing on behalf of MTGOX KK

30. I did not direct any sales on behalf of MTGOX KK

31. I did not direct any advertising on behalf of MTGOX KK

32. I did not handle day to day website for MTGOX KK

33. I did not own the mtgox.com domain

34. Some customers directly deposited funds to an account at Mizuho Bank in Japan.

35. MTGOX KK was not undercapitalized.

36. I did not divert any assets from MTGOX KK.

37. I have never been involved in litigation in California.

38. I was unaware of the lawsuit filed in the Central District of California Federal Court until I received an email on March 5th, 2019.

39. Not only would it be a significant financial burden to continuously travel to the United States and the State of California to defend this matter if I could, at this time the Japanese Government has forbidden me from leaving Japan.

40. The MTGOX KK bankruptcy proceedings in Japan are now civil rehabilitation proceedings.

41. Former MTGOX KK account holders could submit claims for their lost funds to the civil rehabilitations proceedings and will likely be reimbursed with bitcoin and bitcoin cash.

42. MTGOX KK was never domiciled, domesticated or registered as a foreign entity in California or the United States

43. I never directed activities towards any resident or domicile of California.

44. MTGOX KK never directed any activities towards any resident or domicile of California.

45. MTGOX KK terms of service are not directed to United States residents and do not allow cases in the United States or California specifically.

46. The MTGOX KK website went dark on or around February 24, 2014 and has been replaced with details on the initial Civil Rehabilitation and following proceedings.

47. On February 28th, 2014 MTGOX KK did a Press Conference explaining it entered Civil Rehabilitation proceedings.

I DECLARE under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on April 21st, 2019.

By

Mark Karpeles

4
DECLARATION OF MARK KARPELES

1    I, PETER BRONSTEIN, hereby declare:

2       1.      I am an attorney at law duly licensed to practice in the State of California.  I have

3    personal knowledge of the following facts and if called to testify I will testify to the facts stated

4    herein.

5       2.      On April 8, 2019 I emailed Rafey Balabanian to meet and confer about the deadline

6    to respond, the contemplated motion to dismiss based upon lack of jurisdiction and statute of

7    limitations.

8       3.      On April 8, 2018 I spoke with Aaron Lawrence regarding the deadline to respond,

9    the contemplated motion to dismiss based upon lack of jurisdiction and statute of limitations.

10      4.      Aaron and I did not come to any agreement regarding the contemplated motion to

11   dismiss based upon lack of jurisdiction and statute of limitations.

12      5.      Aaron and I did agree to stipulate to a continuance of the response to April 22, 2019.

13      6.      I have not heard from Aaron Lawrence nor was Rafey Balabanian after the April 8,

14   2019 stipulation entered.

15      I declare under penalty of perjury under the laws of the state of California that the

16   foregoing is true and correct and that this declaration was executed on April 22, 2019.

17   .

18   DATED: April 22, 2019                    By: _____

19                                           Peter Bronstein, Attorney for Defendant Mark
                                             Karpeles

20

21

22

23

24

25

26

27

28

-1-

DECLARATION OF PETER C BRONSTEIN

**EXHIBIT B**

1   This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on

2   April 8,2019 as described in Exhibit B attached hereto and hereby incorporated by reference..

3

4   DATED:        April 21, 2019

5                                                   By:

6                                                         Peter C. Bronstein Attorney for
                                                          Plaintiff Mark Karpeles
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1999 Avenue of the Stars 11th Floor, Los Angeles, CA 90067.

On April 22, 2019, I served the foregoing documents described as Notice of Motion, Memorandum of Points and Authorities in support of Defendant Mark Karpeles Motion to dismiss, Declarations of Mark Karpeles and Peter Bronstein. on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

EDELSON PC
123 Townsend Street
San Francisco, CA 94107
Attn: Rafey S. Balabanian

[X]    BY MAIL

    [X]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    [ ]    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April 22, 2019, Los Angeles, California.

[]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Peter Bronstein                                    /Peter Bronstein/
Type or print name                                Signature