RAFEY S. BALABANIAN (SBN 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9300
Facsimile: (415) 373-9435

*Attorneys for Plaintiff Jonathan Carmel*

PETER C. BRONSTEIN (SBN 153611)
pbronz@yahoo.com
LAW OFFICES OF PETER C. BRONSTEIN
1999 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: 310-203-2249

*Attorney for Defendant Mark Karpeles*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CARMEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARK KARPELES,<br><br>Defendant. | Case No. 18-CV-02483-JAK<br><br>**RULE 26(f) REPORT**<br><br>Hearing: July 15, 2019 |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Order Setting Rule 16(b)/26(f) Scheduling Conference (dkts. 55, 57), Plaintiff Jonathan Carmel ("Carmel" or "Plaintiff") and Defendant Mark Karpeles ("Karpeles," and, together with Carmel, the "Parties") submit this proposed discovery plan and report.

## A. Statement of the Case.

This case arises from the collapse of Mt. Gox, once the world's largest bitcoin exchange (also referred to as a platform). Mt. Gox shuttered allegedly without warning in February 2014, allegedly taking with it millions (if not hundreds of millions) of dollars' worth of users' bitcoin and cash, allegedly including the $52,493.22 Plaintiff Jonathan Carmel held on, and allegedly unsuccessfully attempted to withdraw from, the exchange. With former defendant Mizuho Bank, Ltd. dismissed from the action, Plaintiff seeks to hold Defendant Mark Karpeles accountable. Plaintiff alleges claims of negligence and fraud against Karpeles, alleging that Karpeles breached his duty of care owed to investors on the Mt. Gox exchange, which allegedly resulted in losses, and that he allegedly made false promises of safety and security, which were allegedly designed to (fraudulently) encourage individuals to deposit money and/or bitcoin.

## B. Subject Matter Jurisdiction.

This Court allegedly has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d)(2) because (i) at least one member of the putative Class is a citizen of a different state than Defendant, who is not an American citizen, (ii) the amount in controversy exceeds $5 million, exclusive of interest and costs, and (iii) none of the exceptions under that subsection allegedly apply to this action.

## C. Legal Issues.

In terms of the case against Karpeles, the key legal issues in this case will involve those set forth in Section A above. These include, among others, (1) whether

this court has personal jurisdiction over Karpeles, (2) whether Karpeles acted negligently or fraudulently, (3) whether Carmel (and other depositors/investors) suffered any losses recoverable in this action, (4) whether a class can be certified under Federal Rule of Civil Procedure 23(b)(3) with respect to the claim against Karpeles, (5) whether the bankruptcy of Karpeles –case number-Tokyo District Court (fu) no 9170 in Japan on October 23, 2015, stays these proceedings and prohibits this action from moving forward, (6) whether Karpeles can be held liable as an alter ego of Mt. Gox, and (7) whether laches or unreasonable delay equitably estop Plaintiff and each member of the class from proceeding. Procedurally, Karpeles asserts there is an issue as to whether Plaintiff's claims against Karpeles individually violate the statute of limitations.

**D.     Party and Non-Party Witnesses.**

In addition to the Parties (Carmel and Karpeles), the following individuals are potential witnesses in this case: Yasuo Imaizumi, Hirotaka Shimizu, Hiroaki Aikawa, Shuuichiro Mita, Jason Shore, Gonzague Gay-Bouchery, various employees of Mt. Gox (most of whom Plaintiff anticipates identifying through Karpeles), and the Bankruptcy/rehabilitation Trustee in Japan. The Parties may also identify expert witnesses.

**E.     Damages.**

Based on the information currently available to the Parties, Plaintiff alleges that his provable damages are at least $52,493.22. Defendant alleges the amount in controversy is less than the jurisdictional minimum and that a class may not be certified. The range of provable damages for the putative class, if any, will depend significantly on the outcome of the Japanese civil rehabilitation proceedings, through which some or all potential members of the putative class (including Carmel) may be made whole.

**F.     Insurance.**

The Parties are not aware of any applicable insurance policies that would apply to this action.

**G.     Motions.**

Karpeles's motion to dismiss is fully briefed and scheduled for argument on July 15, 2019. The Parties do not currently anticipate the need to file any motions to add parties, claims, amend pleadings, or transfer venue. Karpeles notes that he believes the bankruptcy of Karpeles may result in exclusive jurisdiction of the Bankruptcy Court.

**H.     Manual for Complex Litigation.**

The Parties agree that some of the procedures in the Manual for Complex Litigation should be utilized. This case is a putative class action. If the case against Karpeles proceeds as a certified class action, the Parties anticipate that additional procedures aimed at evaluating and auditing damages claimed by members of any certified class (particularly in light of the civil rehabilitation proceedings relating to the Mt. Gox bitcoin exchange discussed above) may be necessary. *See Trials*, Manual Complex Litigation § 21.5 (4th ed. 2018). If this case proceeds through and past the class certification stage, the Parties recommend proposing any additional procedures following the Court's ruling on certification, so as to tailor any recommendations to the nature and scope of any certified class.

**I.     Status of Discovery.**

Counsel for Plaintiff already litigated this case through discovery in *Greene* and, per the consent of former defendant Mizuho Bank, Ltd., agreed that the documents produced and depositions taken in that matter should be used in this case as well but Defendant Karpeles disagrees and does not consent to the usage of discovery in this underlying case. The discovery adduced in *Greene* did not involve the participation of Karpeles and, thus, there is need for a normal discovery period

here as well. Further, because Karpeles is presently residing in Japan (and the Parties generally understand that many documents pertaining to the Mt. Gox exchange are in the possession of other Japanese non-parties, such as the appointed trustee of the Mt. Gox civil rehabilitation proceedings and, according to Karpeles, are not allowed to be produced, though a Court Seal and Protective Order of the parties may be acceptable to the Japanese Courts), discovery in this matter may take more time than usual, given the difference in the Japanese and American legal systems. However, Carmel notes that there are multiple cases proceeding against Karpeles at this time and cooperation between Karpeles's various sets of attorneys may result in overall efficiencies.

**J.      Discovery Plan.**

*Depositions.* At this time, the Parties anticipate that depositions will include those of Plaintiff, Karpeles, and witnesses potentially identified by Karpeles. Plaintiff may also seek the deposition of Gonzague Gay-Bouchery.  The Parties anticipate that Plaintiff's deposition can be completed within four months of any decision on Karpeles's pending motion to dismiss.  The Parties anticipate that any deposition of Karpeles can be completed within seven months of any decision on Karpeles's pending motion to dismiss.

*Written discovery.*  As stated above, the Plaintiff believes that a portion of fact discovery in this case is complete (i.e., by virtue of the case against Mizuho that proceeded in Illinois), although neither Carmel nor Karpeles have served discovery upon each other and Karpeles is only specially appearing on July 15, 2019 for the Motion to Dismiss. Given the complexities with conducting discovery in Japan (for both primary and third parties), the Parties anticipate completing discovery within nine months of any ruling on Karpeles's pending motion to dismiss.

*Changes in Rule 26(a) Disclosures*.  The Parties agree that initial disclosures shall be exchanged two weeks after any ruling on Karpeles's pending motion to

dismiss, as necessary to the extent Defendant Karpeles has access to documents and is not prohibited from providing those documents by the Japanese Courts. The Parties do believe any changes to the disclosures under the Federal Rules will be necessary, including, Karpeles notes, to satisfy the Japanese Courts including but not limited to the Bankruptcy and or criminal Courts.

*Subjects of discovery.* The Parties anticipate focusing discovery on: (i) Plaintiff's specific claims and allegations concerning his alleged Mt. Gox transactions, withdrawal requests, alleged withdrawal requests and other interactions with Mt. Gox, (ii) Defendant Karpeles's involvement in the Mt. Gox exchange, including, among other details, the degree of control he exercised over the exchange (including his involvement in communicating with investors through public or private communications), and his knowledge of and relationship with U.S. investors (including Carmel).

*Phasing and limitations to discovery.* The Parties agree that discovery does not need to be conducted in phases or limited in some manner, other than as otherwise set out herein.

*Other Orders.* The Parties will submit a proposed protective order for the Court's consideration to govern the discovery already adduced in the *Greene* litigation and any additional discovery to be conducted in this case. Karpeles also notes that such an order may satisfy the requirements of the bankruptcy and criminal matter concerning Karpeles in Japan if allowed and under Court Seal.

*Proposed Case Schedule.* The Parties recommend that the Court include the following dates in any scheduling order entered pursuant to Rule 16(b)(1):

| Event | Date |
| --- | --- |
| Deadline to exchange Rule 26(a)(1) disclosures | 2 weeks after ruling on Karpeles's motion to dismiss and as stated herein |

| | |
|---|---|
| Deadline to complete fact discovery | 39 weeks after ruling on Karpeles's motion to dismiss and as stated herein |
| Deadline to exchange Rule 26(a)(2) disclosures | 43 weeks after ruling on Karpeles's motion to dismiss and as stated herein |
| Deadline to complete expert discovery | 52 weeks after ruling on Karpeles's motion to dismiss and as stated herein |

**K.   Discovery Cut-Off.**

See proposed case schedule in Section J above.

**L.   Expert Discovery.**

See proposed case schedule in Section J above.

**M.   Dispositive Motions.**

If the claim against Karpeles proceeds beyond the pleading stage, the Parties may file motions for whole or partial summary judgment.

**N.   Settlement.**

The Parties have not engaged in any substantive settlement discussions or communications. Pursuant to Local Rule 16-15.4, the Parties agree that ADR Procedure No. 3 is best suited to the circumstances of this case, and recommend that any such procedure occur following the Court's ruling on the motion to dismiss. Karpeles notes that this process cannot proceed to the extent the bankruptcy stay and discharge of Karpeles prohibits or stays such action.

**O.   Trial Estimate.**

The Parties presently estimate that trial will last approximately 5 days. Plaintiff states that he anticipates calling approximately 6 witnesses. Karpeles anticipates calling approximately 5 witnesses.

**P.   Trial Counsel.**

Plaintiff's trial counsel is J. Aaron Lawson, who will serve as lead trial counsel for the case. Mizuho's trial counsel is Peter C. Bronstein, who will serve as

lead trial counsel for the case.

**Q. Independent Expert or Master.**

The Parties do not believe this case requires the appointment of a Master pursuant to Rule 53 or an independent scientific expert.

**R. Timetable.**

The Parties respectfully submit that, in light of Karpeles's pending motion to dismiss, they are unable to complete the Schedule of Pretrial and Trial Dates form with actual calendar dates at this time. Karpeles believes that his bankruptcy also affects his ability to complete the Schedule at this time. If the Court denies the pending motion to dismiss, the Parties propose to submit the completed form within 7 days after entry of the Court's order. To the extent Karpeles believes the bankruptcy proceeding still prohibits him from completing the form at that point, he will note as much to the court and provide support for his position.

**S. Other Issues.**

The Parties agree that the Mt. Gox civil rehabilitation proceedings stand to have a significant impact on all aspects of this case, including Plaintiff's individual and purported class claims. Karpeles also notes that his bankruptcy proceedings may have an impact as well. However, it is unlikely that the Parties will have any insight into the scope of such impact for several months, as the deadline for the Japanese civil rehabilitation trustee to submit a rehabilitation is not until October 28, 2019. Likewise, Karpeles notes that no deadline is known for Karpeles's bankruptcy, and it may have passed already. At that time, the Parties may have a better sense of those proceedings' impact on this matter.

**T. Patent Cases.**

This is not a patent case.

**U.     Whether the Parties Wish to Have a Magistrate Judge Preside.**

The Parties do not consent to have a Magistrate Judge preside over this case.

Respectfully submitted,

DATED: July 5, 2019     EDELSON P.C.

By:   /s/ J. Aaron Lawson
      J. Aaron Lawson

*Attorneys for Plaintiff Jonathan Carmel*

DATED: July 5, 2019     PETER C BRONSTEIN LAW OFFICES

By:   /s/ Peter C. Bronstein
      Peter C. Bronstein

*Attorneys for Defendant Mark Karpeles*