RAFEY S. BALABANIAN (SBN – 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SNB – 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

*Counsel for Plaintiff and the Putative Classes*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JONATHAN CARMEL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARK KARPELES,<br><br>*Defendant*. | Case No. 2:18-CV-02483-JAK-E<br><br>**SUPPLEMENTAL BRIEF REGARDING SUBJECT-MATTER JURISDICTION** |

This submission responds to the Court's order for additional briefing on the amount of money in controversy at issue in this case. Plaintiff Carmel has suffered damages in the amount of $52,493.22, and further seeks unquantified punitive damages and attorney's fees. (*See* Dkt. 1 ¶ 45-46.) The question is whether, through these latter categories of relief, Carmel's complaint places more than $75,000 in controversy. The answer is yes.

"[P]unitive damages are part of the amount in controversy in a civil action" if they are recoverable under the applicable substantive law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Punitive damages are available under California law when the defendant's conduct is fraudulent, as is alleged here. *See* Cal. Civil Code § 3294. "When assessing the

probable amount of unspecified punitive damages for jurisdictional purposes, courts may look to verdicts in analogous cases as a reasonable approximation." *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002)); *see Bigby v. DS Waters of Am. Inc.*, No. CV 12-01362 2013 WL 394876, at *4 (C.D. Cal. Jan. 30, 2013) (noting that courts may look to verdicts in "cases addressing similar facts and legal claims" to determine whether it is "more likely than not" that a punitive damages award would meet the amount-in-controversy requirement).

Plaintiff was unable to locate any California cases involving similar *facts*. In plaintiff's view, the most common analogous factual theory is an action for securities fraud, but punitive damages are not available under either federal or California state securities laws. *See Globus v. Law Research Serv., Inc.*, 418 F.2d 1276, 1286 (2d Cir. 1969); *Bowden v. Robinson*, 67 Cal. App. 3d 705, 714-15 (1977). Plaintiff was, however, able to locate several jury verdicts in cases alleging fraud. As compared to the compensatory damages awarded, these punitive awards ranged from a fraction of the awarded compensatory damages to astronomically (likely unconstitutionally) high. *See Cardoza v. Reed*, No. SCV245387 (Sonoma Cnty. Super. Ct.) (in case involving fraud in the sale of real estate, jury awarded $6.1 million in punitive damages and $5 million in compensatory damages, compensatory amount later reduced), *aff'd* 2019 WL 1771293 (Cal. App. Apr. 23, 2019); *Bahamas Surgery Center LLC v. Kimberly-Clark Corp.*, No. CV 14-8390 DMG (PLAx), ECF No. 530 (C.D. Cal. May 15, 2017) (punitive damages awarded at ratios of 90-1 and 384-1 in case alleging fraudulent misrepresentation, later reduced on remittitur); *Rusnak v. Salaman*, No. BC491741, 2016 WL 3653548, at *9-10 (L.A. Cnty. Super. Ct. Jan. 8, 2016) (in bench trial regarding allegedly fraudulent real estate transfers, court awarded $1 million in punitive damages, equal to around 40% of the compensatory damages).

Assuming a judgment in Plaintiff's favor, only an award at the very bottom of this range would cause Carmel's recovery to fall short of the amount in controversy threshold. (Given compensatory damages of 52,493.22, any award of punitive damages must equal at least 43% of this award to cross the jurisdictional threshold.) Thus, the amount-in-controversy requirement is satisfied. *See Campbell*, 825 F. Supp. 3d at 1009 (finding that jurisdiction existed because "even

a minimum award of punitive damages would satisfy the jurisdictional requirement"); *Simmons*, 209 F. Supp. 3d at 1033 (finding that previous jury verdicts "amply demonstrate the potential for large punitive damage awards" despite "distinguishable facts"). What's more, the Supreme Court has noted that punitive damages awards of two or three times actual damages are common. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 581 & n.33 (1996). An award of that magnitude also would cross the jurisdictional threshold.

On the other hand, attorneys' fees count towards the amount in controversy only if they are guaranteed by contract or statute. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Neither is the case here.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | **JONATHAN CARMEL**, individually and on behalf of all others similarly situated, |
| Dated: July 29, 2019 | By: /s/ J. Aaron Lawson |
|   | *One of Plaintiff's Attorneys* |

RAFEY S. BALABANIAN (SBN–315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN–319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

*Counsel for Plaintiff and the Putative Class*