PETER C. BRONSTEIN, ESQ., Cal. State Bar No. 153611
**LAW OFFICES OF PETER C. BRONSTEIN**
1999 Avenue of the Stars 11th Floor
Los Angeles, California 90067
Telephone: (310) 203-2249
Email Peterbronz@yahoo.com

Attorney for Defendant Mark Karpeles

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DISTRICT

Case No. 2:18-CV-02483

JONATHAN CARMEL, individually and )
On behalf of all others similarly situated, )
                                                                     )

    Plaintiff )

    v. )

MIZUHO BANK, LTD., a Japanese )
Financial institution, and MARK )
KARPELES, an individual )

    Defendant )

SUUPLEMENTAL BRIEF OF DEFENDANT MARK KARPELES REGARDING AMOUNT IN CONTROVERSY

Date: July 15, 2019
Time 8:30am
Courtroom 10B
Honorable John A. Kronstadt
350 W. First Street
Los Angeles, CA 90012

**FACTS**

At the Court hearing on July 15, 2019 the Court's tentative ruling determined that Plaintiff Jonathan Carmel could not maintain his class action case but could maintain his individual case subject to the amount in controversy and the bankruptcy of Defendant Mark Karpeles. The Court requested the parties file supplemental briefs. This supplemental brief explores whether Plaintiff Jonathan Carmel may maintain the individual action as the amount alleged in the Complaint is $52,493.22 and the jurisdictional minimum amount is $75,000.00.

**IN A MOTION TO DISMISS
THE COURT LOOKS TO THE FOUR**

SUUPLEMENTAL BRIEF ON AMOUNT IN CONTROVERSY

## CORNERS OF THE COMPLAINT

Plaintiffs Complaint at Paragraphs 45-46 alleges that On November 20, 2013 he submitted a withdrawal request of $52,493.22 and he didn't receive the funds. 28 U.S.C. 1332 states "the District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, <u>exclusive of interest of costs</u>. Thus, interest and costs are not included by statute in calculating the amount in controversy.

## THE MERE POSSIBILITY OF PUNITIVE DAMAGES IS INSUFFICIENT TO PROVE THE AMOUNT IF CONTROVERSY

"[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Hill v. Avis Budget Car Rental, LLC*, 2014 WL 1325556 (C.D. Cal. 2014). "When the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely" to be certain jurisdiction exists. *Lange v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 322835, at *1 (C.D.Cal.2009) (internal quotation and citation omitted).

Courts increasingly view punitive damages claims with skepticism, especially if asserted for the apparent purpose of meeting the jurisdictional minimum. *Jackson v. Frank*, No. C12-03975HRL, 2012 WL 6096905 (N.D. Cal. Dec. 7, 2012). (citations omitted). To establish punitive damages, defendants may introduce evidence of jury verdicts in cases involving analogous facts. *Id. accord Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002). Plaintiff fails to introduce any evidence of jury verdicts in cases involving analogous facts in individual cases. In fact, nowhere in Plaintiff's Opposition to the Motion to Dismiss is there mention of a single case analogous to Plaintiff's that aids this Court in considering punitive damages for purposes of meeting the requisite amount in controversy. Therefore, Plaintiff's inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported by any admissible evidence.

SUUPLEMENTAL BRIEF ON AMOUNT IN CONTROVERSY

Let's not forget that both Mt. Gox and Mark Karpeles are in Bankruptcy. Punitive Damages are based upon the net worth of a bankrupt defendant.

Accordingly, this Court should not include punitive damages in the calculation of the jurisdictional amount as it is speculative and unsupported by any type of evidence. *Kenneth Rothschild Trust vs. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (2002); *Valdez vs. Allstate Ins. Co.*, 372 F.3d 115, 116-17 (9th Cir. 2004). Plaintiff has simply failed to fulfill its burden.

### PLAINTIFF'S INCLUSION OF ATTORNEY FEES IS INAPPROPRIATE

First, the recovery of attorney fees is only appropriate where a Statute includes attorney fees and where a written agreement includes attorney fees for the prevailing party. Plaintiff's lawsuit has two (2) causes of action for negligence and Fraud that remain as the Class action is dismissed. The two (2) causes of action, in tort, are not based upon contract and therefore do not allow for attorney fees, and there is no statute claim, without the class action. Thus, there is no basis for attorney fees.

Secondly, Plaintiff's argument that attorneys' fees are part of the amount in controversy is not based on facts or evidence, but rather pure speculation and conclusory statements. Even if this Court agrees with Plaintiff that attorneys' fees should be included in calculating the amount in controversy Plaintiff has presented no evidence of Plaintiff's current or future amount of attorneys' fees. Furthermore, as of the filing of Plaintiff's Opposition to motion to dismiss this case, Plaintiff's attorney has only filed the complaint, and the present motion. Thus, any attorneys' fee amount at the time of this motion to dismiss is minimal. Consequently, Plaintiff's argument is conclusory and Plaintiff cannot establish by a preponderance of evidence that attorneys' fees should be factored into the amount-in-controversy analysis.

### CONCLUSION

SUUPLEMENTAL BRIEF ON AMOUNT IN CONTROVERSY

In determining the amount in controversy the Federal Court's pursuant to 28 USC 1332 do not include interests, costs, punitive damages or attorney fees. The Plaintiff claims $52,493.22 which is less than the $75,000 jurisdictional amount and the individual case of Jonathan Carmel must be dismissed with prejudice.

Dated July 22, 2019

By _____
Peter Bronstein for Defendant Mark Karpeles

SUUPLEMENTAL BRIEF ON AMOUNT IN CONTROVERSY

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1999 Avenue of the Stars 11th Floor, Los Angeles, CA 90067.

On July 26, 2019, I served the Supplemental Brief on Amount in Controversy on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

EDELSON PC
123 Townsend Street
San Francisco, CA 94107
Attn: Rafey S. Balabanian

[X]   BY MAIL

    [X]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    [ ]   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on July 26,, 2019, Los Angeles, California.

[]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Peter Bronstein                          /Peter Bronstein/
Type or print name                    Signature