RAFEY S. BALABANIAN (SBN 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9300
Facsimile: (415) 373-9435

*Attorneys for Plaintiff Jonathan Carmel*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CARMEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIZUHO BANK, LTD. and MARK KARPELES,<br><br>Defendants. | Case No. 2:18-cv-02483-JAK-E<br><br>PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING TIBANNE, MT. GOX AND KARPELES BANKRUPTCIES |

This supplemental filing responds to the Court's request for briefing regarding the effect of the bankruptcies of Mt. Gox KK, Tibanne KK, and Mark Karpeles on this action. For the reasons stated below, none of these bankruptcies affects this Court's ability to proceed with this action.

First, each of these bankruptcy proceedings was instituted in Japan. As such, they are "foreign main proceedings" under the bankruptcy code. 11 U.S.C. § 1502(4). The automatic stay provided for in the bankruptcy code, 11 U.S.C. § 362, does not apply until a foreign proceeding is recognized by an American court, 11 U.S.C. § 1520(a)(1), through a petition for such recognition with an appropriate bankruptcy court. As to the purported bankruptcy against Karpeles individually, Karpeles has never indicated that this proceeding was recognized by any American bankruptcy court, and Plaintiff could find no evidence that a recognition petition ever was filed. Thus, Mark Karpeles's supposed individual bankruptcy has no effect on this case.

On the other hand, both the Mt. Gox and Tibanne bankruptcies received domestic recognition.[1] But neither debtor is a defendant here, and no other circumstance supports extending the stay to Karpeles.

The automatic stay applies, as a general matter, only to lawsuits against the debtor. *See Ingersoll-Rand Fin. Corp. v. Miller Min. Co., Inc.*, 817 F.2d 1124, 1127 (9th Cir. 1987). While some courts have extended the stay to non-debtors in "unusual circumstances," the Ninth Circuit has declined to recognize such an exception to § 362. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) (noting that the "vitality" of this doctrine is "unclear" in the Ninth Circuit); *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246-47 (9th Cir. 1994) (declining to decide if such an exception exists).

---

[1] The domestic Mt. Gox proceedings are captioned *In re Mt. Gox Co., Ltd.*, No. 14-31229-mgj (Bankr. N.D. Tex.). References to documents filed in that action will be to "*Mt. Gox* Dkt." The domestic Tibanne proceedings are captioned *In re Tibanne Co., Ltd.*, No. 15-10255-reg (Bankr. S.D.N.Y.). References to documents filed in that action will be to "*Tibanne* Dkt."

Neither would this be an appropriate case to recognize such an exception. In those circuits in which the stay can extend to non-debtors, § 362(a)(1) will operate to stay litigation against non-debtors only when the suit is such that the debtor can be said to be the real party in interest, *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), or when "a claim against the non-debtor will have an immediate adverse consequence for the debtor's estate," *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). That's not what's happening here, as Plaintiff seeks to hold Karpeles liable for perpetrating a fraud through Mt. Gox. A judgment for Carmel here will have no effect on the size of the Mt. Gox bankruptcy estate. Neither, so far as Plaintiff is aware, is Mt. Gox bound to indemnify Karpeles. In fact, lawyers for the foreign representative in the Mt. Gox bankruptcy (who was, at the time, Mark Karpeles) prevailed upon counsel in the *Greene* action not to proceed with claims against Mt. Gox KK, but said nothing to indicate that they believed that proceeding against Karpeles would violate the stay, or otherwise affect Mt. Gox. (*See Mt. Gox* Dkt. 55, ¶ 14 (noting that the First Amended Complaint in the *Greene* action was corrected "at the Debtor's insistence to purge an apparent violation of the stay"; correction made clear that litigation was not proceeding against Mt. Gox KK).) At worst, a judgment for Carmel might be used offensively against Mt. Gox, but that, by itself, isn't enough to invoke the stay. *Queenie*, 321 F.3d at 288.

The Tax Court also has concluded that the stay does not apply to actions against a corporate officer when the corporation is in bankruptcy, so long as the officer isn't indemnified. *See Riggs v. Commissioner*, No. 16522-13L, 2015 WL 3377844 (T.C. May 26, 2015). In *Riggs*, the petitioner (Riggs), operated a construction company (Amber Construction), and for 8 years failed to remit payroll taxes to the IRS. *Id.* at *1. The IRS assessed these unpaid liabilities against Riggs personally, and, after the successor-in-interest to Amber Construction entered bankruptcy, initiated collection efforts against Riggs, ultimately filing a tax lien. *Id.*

3

at *2. In approving this action, the Tax Court concluded that the stay did not apply to Riggs personally, rejecting her contention that the stay extended from the debtor to her as a corporate office. *Id.* at *3. The Tax Court noted that the debtor wouldn't indemnify Riggs, so she lacked "'identity' with the corporate debtor." *Id.*

Here, the automatic stay does not extend to Karpeles as a function of either the Mt. Gox or Tibanne bankruptcies because he does not have identity with either debtor. Karpeles has not represented in any proceeding that he is indemnified in this, or any other, lawsuit, and there is no suggestion that a judgment against Karpeles will have immediate, adverse consequences for Mt. Gox or Tibanne. Furthermore, this issue was litigated in the Mt. Gox bankruptcy. In that proceeding, Karpeles, as the designated representative of Mt. Gox KK, sought recognition of the Japanese proceeding under Chapter 15 and also sought to stay litigation in America against all entities and individuals related to Mt. Gox, on the theory that any litigation against any of these entities could affect Mt. Gox KK itself. (*Mt. Gox* Dkt. 6, at 11-12.) The bankruptcy court denied that motion before recognition, and again afterwards, determining that only the debtor itself was entitled to the protections of § 362. (*See Mt. Gox* Dkt. 13; *Mt. Gox* Dkt. 37, ¶ 22.) For that reason, the Illinois case went forward against all Mt. Gox-related defendants other than Mt. Gox KK. For similar reasons, litigation can proceed here.

The Tibanne bankruptcy was initiated by the Japanese trustee of the Mt. Gox bankruptcy specifically to prevent any further dissipation of *Tibanne's* assets. (*Tibanne* Dkt. 2, ¶ 16.) In other words, that filing was made with full knowledge that litigation also was proceeding against Mark Karpeles. Had the trustee needed to end that litigation, he could have done so then.

Neither does the potential need to pierce the veil to impose liability on Karpeles personally alter the result. *See Ebin v. Kangadis Family Mgmt. LLC*, 45 F. Supp. 3d 395, 398 (S.D.N.Y. 2014). In *Ebin*, the plaintiffs brought false advertising and related fraud claims against Kangadis Foods, an affiliate, and several principals.

*Id.* at 397. Those individuals sought to dismiss the complaint as violative of the § 362 stay after Kangadis Foods entered bankruptcy. *Id.* at 397-98. The court denied that motion, noting that non-debtor codefendants are generally not entitled to enjoy the benefits of the automatic stay, and that any veil piercing would enable the plaintiffs to collect against those individuals' assets, not the bankrupt corporation's. *Id.* at 398. As such, "piercing the corporate veil will result only in an economic impact on the non-debtor individuals[,]" and the stay did not bar claims against them. *Id.* The same is true here: Any adverse judgment will enable Carmel to collect against Karpeles; there will be no immediate adverse consequences for either bankrupt entity.

The stay *can* extend to officers like Karpeles, but not as a function of § 362. Instead, § 105 affords bankruptcy courts the equitable authority to stay litigation against closely related non-bankrupt entities. *See Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009). Here, Mt. Gox made a request for relief under § 105, but that request was limited to invoking the stay prior to recognizing the foreign proceeding. The bankruptcy court's order granting that motion makes no mention of claims against Karpeles personally. (*Mt. Gox* Dkt. 13.) Tibanne sought and obtained similar relief. (*Tibanne* Dkt. 12.) Because neither bankruptcy court extended the stay to litigation against Karpeles personally, neither bankruptcy affects litigation here. *See Ingersoll-Rand Fin. Corp.*, 817 F.2d at 1427.

Respectfully submitted,

**JONATHAN CARMEL,** individually and on behalf of all others similarly situated,

Dated: August 12, 2019   By:  /s/ J. Aaron Lawson
One of Plaintiff's Attorneys

Rafey S. Balabanian (315962)
rbalabanian@edelson.com
Aaron Lawson (319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff*